UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY CORRIGAN, et al.,

    Plaintiffs,

v.

OWENS-BROCKWAY GLASS CONTAINER, INC.,

    Defendant.

No. 2: 16-cv-00298-KJM-CKD

ORDER

    This is a negligence suit based on a forklift accident that severely injured plaintiff Gary Corrigan. Mr. Corrigan and his wife now sue Mr. Corrigan's former employer, Owens-Brockway Glass Container, Inc., for damages. When the accident happened, Mr. Corrigan was jointly employed by defendant and another company named Barrett Business Services, Inc. ("Barrett"). Since the accident, Barrett has been paying Mr. Corrigan workers' compensation benefits based on his injuries. Barrett now moves to intervene to protect its financial stake in the outcome. Mot. to Intervene, ECF No. 18. The motion is unopposed. Pls.' Non-Opp'n, ECF No. 21; Def.'s Non-Opp'n, ECF No. 25. The court submitted the matter without a hearing on June 28, 2017. ECF No. 31. As explained below, this court GRANTS the motion.

    When an outside entity wants to become a party to a pending lawsuit, that entity may file a motion to intervene as provided by Rule 24 of the Federal Rules of Civil

1

Procedure. To be admitted into the lawsuit, the intervenor must have an interest in the subject matter of the original suit. Rule 24 permits two types of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a), (b). Barrett cites both avenues as bases for its intervention. The substantive result would be the same under either.

The court starts with the more lenient requirements under Rule 24(b) for permissive intervention. Rule 24(b) provides, in relevant part, '[u]pon timely application, anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . ." Fed. R. Civ. P. 24(b). The court's discretion to grant or deny Rule 24(b) permissive intervention is broad. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (citation omitted).

Here, Barrett satisfies the requirements for permissive intervention. First, the motion is timely. Trial is not slated to begin until December 18, 2017, and the intervention will not cause any delay or prejudice. There also exist common questions of fact or law between the intervenor's claim and the original plaintiffs' claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d. 836, 843 (9th Cir. 2011) (citation omitted). "A common question of law or fact routinely exists if the intervenor has a claim against the defendant that is identical to a claim asserted by the existing plaintiff." *See* 3B J. Moore, *Moore's Federal Practice* ¶ 24.11 (3d ed. 2012). Barrett is not adding different claims; it merely seeks to intervene based on its financial interest in the outcome of plaintiffs' existing claims. *See* ECF No. 18 at 10-13 (complaint-in-intervention for subrogation damages). Indeed, Barrett has been paying Mr. Corrigan workers' compensation benefits based on the very injuries giving rise to plaintiffs' claims. The intervention thus comprises common questions of fact and law.

In sum, Barrett meets the requirements for permissive intervention. The court need not analyze the more stringent requirements for intervention as of right under Rule 24 (a).

/////

/////

/////

The court GRANTS Barrett's motion to intervene, and directs Barrett to file its complaint in intervention with seven (7) days.

IT IS SO ORDERED.

This order resolves ECF No. 18.

DATED: August 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

3